## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22818-CIV-LENARD/GARBER

**YVONNE SARHAN, by her son and
next friend**,

       Petitioner,

vs.

**ARTHUR ROTHENBERG, JUDGE,**

       Respondent.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 15); DISMISSING EMERGENCY PETITION TO ENFORCE WRIT OF HABEAS CORPUS (D.E. 8); AND DISMISSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Edwin G. Torres ("Report," D.E. 15), issued on February 19, 2008.  In his Report, Magistrate Judge Torres recommends that the Court discharge and dismiss Petitioner Yvonne Sarhan's Emergency Petition to Enforce Writ of Habeas Corpus and Vacate All Orders of the Circuit Court ("Petition," D.E. 8).  Petitioner filed Objections to the Report on March 19, 2008 (D.E. 18).  The Court has conducted a de novo review of the Petition, the Report, the Objections, and the record, and finds as follows:

I.      **The Report**

Dr. Robert Sarhan, on behalf of Petitioner, his mother, filed the Petition on December 19, 2007.  On February 19, 2008, the Magistrate Judge recommended that this Court discharge and deny the Petition.  (See D.E. 15 at 1.)  According to the Petition, Judge Arthur

Rothenberg ("Respondent"), a judge in the probate division of the Eleventh Judicial Circuit for Miami-Dade County, violated Petitioner's due process rights when he deemed Petitioner incapacitated and appointed her a guardian. (Id. at 1-2.) Dr. Sarhan, on behalf of Petitioner, further alleges that Respondent acted unlawfully by appointing Enrique Zamora as Petitioner's attorney ad litem while Mr. Zamora was concurrently serving as an attorney for Petitioner's temporary guardian.   (Id. at 2.) Dr. Sarhan charges violations of his mother's state and federal constitutional rights.   Specifically the Amended Petition seeks:

> 1.      The rights of Yvonne Sarhan should be restored [due] to a violation of due process, ineffective assistance of counsel, fraud upon the court and fraud in obtaining this guardianship case.
> 2.      All orders of the Circuit Court must be vacated [due] to fraud upon the court and fraud in obtaining this guardianship.
> 3.      All assets should be returned, and all properties returned to the rightful owner, prior to this guardianship ever taking place.

(D.E. 8 at 15.) Additionally, Dr. Sarhan seeks $100,000,000.00 in punitive damages. (D.E. 15 at 2.)   Respondent filed a Motion Dismiss pursuant to Fed R. Civ. P. 12(b)(1) on December 27, 2007.   (See D.E. 12.)   The Magistrate Judge issued his Report on Respondent's Motion to Dismiss.

As an initial matter, the Magistrate found that there were serious questions regarding Dr. Sarhan's standing to file the Petition on behalf of his mother.  (Id. at 4.)  However, the Magistrate found that it was doubtful whether the standing issues were properly addressed on a Rule 12(b)(1) motion to dismiss and thus the Magistrate Judge went on to the other possible grounds for dismissing the Petition. (Id. at 5.) The Magistrate Judge found that there

were three separate grounds for dismissing the Petition: the absence of federal habeas jurisdiction, the probate exception to federal subject matter jurisdiction, and the <u>Rooker-Feldman</u> doctrine. (<u>Id.</u>)

In finding a lack of federal habeas jurisdiction, the Magistrate Judge held that, although not explicitly stated in the Petition, Petitioner is seeking relief under the federal habeas statute, 28 U.S.C. § 2254(a). (<u>Id.</u> at 6.) The Magistrate Judge found that it is very well established that federal habeas relief is not available to remedy or challenge state court judgments involving parental relationships, termination of parental relationships, or, as in this case, guardianship proceedings. Additionally, as Yvonne Sarhan was not "in custody" as required by § 2254(a), the Magistrate Judge found that the Petition must be dismissed. (<u>Id.</u> at 9.)

The Magistrate Judge next found that even if the Petition was construed as something other than a habeas petition, subject matter jurisdiction would still be lacking. (<u>Id.</u>) Specifically, the Magistrate Judge found that the probate exception to federal jurisdiction precluded litigating the Petition in this Court. (<u>Id.</u> at 9-13.) Under the probate exception, "[w]hen one court is exercising <u>in rem</u> jurisdiction over a <u>res</u>, a second court will not assume <u>in rem</u> jurisdiction over the same <u>res</u>." (<u>Id.</u> at 10 (<u>quoting</u> <u>Marshall v. Marshall</u>, 547 U.S. 293, 311 (2006)).) Because the state probate court is already exercising jurisdiction over Yvonne Sarhan, the <u>res</u> in this case, the Magistrate Judge found that this Court lacks jurisdiction to assume jurisdiction over Ms. Sarhan's guardianship as requested in the

Petition.  (Id. at 11.)

Finally, the Magistrate Judge found that, in addition to the jurisdictional deficiencies detailed above, the Rooker-Feldman doctrine precludes this Court's review of final judgments of a state court.  (Id. at 13.)

## II.    Objections

In the Objections, Dr. Sarhan, on behalf of Petitioner, repeats at length his allegations of fraud and corruption in his mother's guardianship proceedings in state court.  Petitioner also objects to the Magistrate Judge's findings regarding his standing to bring the instant Petition, and the applicability of the probate exception and the Rooker-Feldman doctrine. The Petitioner does not address the Magistrate Judge's findings regarding lack of jurisdiction under the federal habeas statute, 28 U.S.C. § 2254(a).

## III.    Discussion

The Court finds that, although the Magistrate Judge provides a number of valid grounds for dismissing the Petition, the clearest bar to the Petition in this Court is the probate exception to federal jurisdiction.

Over sixty years ago, the Supreme Court explained the contours of the probate exception to federal jurisdiction:

> Federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

Markham v. Allen, 326 U.S. 490, 494 (1946).

In a much more recent decision, the Supreme Court clarified the nature of the probate exception:

> when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate;  it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Marshall v. Marshall, 547 U.S. 293, 311-12 (2006) (emphasis added).

As explained by Judge Posner in Struck v. Cook County Pub. Guardian, 508 F.3d 858, 860 (7th Cir. 2007),  a case with very similar facts to the Petition before this Court, proceedings to resolve disputes over the administration of a incompetent's estate are still in rem in character.  "That is, they are fights over a property or a person in the court's control." Id.  The Petition is an example of a case falling squarely within the probate exception as clarified by the Supreme Court in Marshall.  Dr. Sarhan requests this Court to reverse the orders of the probate court and to return all assets and property distributed pursuant to the guardianship to him.  (See D.E. 8 at 15.)  These are not matters that are "outside the confines" of the state probate court's supervision of Yvonne Sarhan's guardianship.  As such, Judge Posner's analysis of the application of the probate exception in Stroud is directly on point here:

> The res- the plaintiff's mother - is in the control of the guardian appointed by the state court, and decisions concerning the plaintiff's right of access to his

5

mother and to her assets, her records, and her mail are at the heart of the guardian's responsibilities and are supervised by the court that appointed him. . . [P]laintiff is seeking to remove into the federal court the res over which a state court is exercising control. That is the sort of maneuver that the probate/domestic-relations exception is intended to prevent.

508 F.3d at 860.

Petitioner's Objections fail to address this clear bar to federal jurisdiction.  Instead, Dr. Sarhan simply quotes the from same cases excerpted above without explaining why his Petition does not fall squarely within the exception.

Accordingly it is hereby:

ORDERED and ADJUDGED that:

1.      The Report of the Magistrate Judge (D.E. 18) is **ADOPTED**.

2.      Petitioner's Emergency Petition to Enforce Writ of Habeas Corpus (D.E. 8), filed on December 19, 2007, is **DISMISSED**.

3.      All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

4.      This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 17th day of June, 2008.

*Joan A. Lenard*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

6

cc:    U.S. Magistrate Judge Barry L. Garber
       U.S. Magistrate Judge Edwin G. Torres
       Petitioner Yvonne Sarhan
       Robert Sarhan, M.D.
       Counsel of Record

7